UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

JODY LEE GRIFFITH,                              Civil File No. 0:08-cv-00864-DWF-FLN

       Petitioner,
v.                                              **REPORT AND RECOMMENDATION**

STATE OF MINNESOTA,

       Respondent.

---

This matter is before the undersigned United States Magistrate Judge on the State of Minnesota's Motion to Dismiss the Writ of Habeas Corpus [#11]. The case has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. §636 and Local Rule 72.1.

**I.     BACKGROUND**

In 2005, a Minnesota state court jury found Petitioner guilty of two counts of attempted first degree murder, two counts of attempted second degree murder, and two counts of second degree assault. He was sentenced to 360 months in prison, and he is presently serving his sentence at the Minnesota Correctional Facility in Rush City, Minnesota.

After Petitioner was convicted and sentenced, he filed a direct appeal with the Minnesota Court of Appeals. The Petitioner's appellate counsel raised two grounds for relief: prosecutorial misconduct and denial of a Schwartz hearing. Petitioner filed a separate "pro se brief" in which he raised nine additional claims. The Minnesota Court of Appeals rejected all of Petitioner's claims and affirmed his conviction and sentence. The Minnesota Supreme Court later denied Petitioner's request for further review. *State*

1

*v. Griffith*, No. A05-2326 (Minn. App. 2007), 2007 WL 92733 (unpublished opinion), rev. denied, March 28, 2007.

Petitioner filed a federal habeas corpus petition on March 26, 2008. The petition listed six grounds for relief: (1) the jury was unconstitutionally selected; (2) ineffective assistance of counsel; (3) a witness for the prosecution lied; (4) prosecutorial misconduct; (5) error of trial court for denying a Schwartz hearing; and (6) failure of the prosecution to disclose evidence which would have been favorable to Petitioner's defense. (Petition, pp. 5-6, ¶ 12, and attachment, March 26, 2008)

On April 2, 2008, United States Magistrate Judge Franklin Noel issued a Report and Recommendation that Petitioner's claim be summarily dismissed without prejudice. The Report and Recommendation stated at least two of Petitioner's claims (ineffective assistance of counsel and failure to disclose favorable evidence), were not fairly presented to the State Court of Appeals and were therefore unexhausted claims. Federal District Judge Donovan Frank dismissed Griffith's habeas corpus petition on May 14, 2008, without prejudice because his petition contained both exhausted and unexhausted claims for relief.

Petitioner filed an amended habeas corpus petition on April 14, 2008, which excluded the two grounds that the Report and Recommendation had identified as being unexhausted. The amended petition repeated the other four claims: (1) the jury was unconstitutionally selected and impaneled; (2) prosecutorial misconduct; (3) a witness lied to the jury; and (4) denial of a Schwartz hearing. (Petition pp. 4-5, April 14, 2008) The State of Minnesota subsequently filed its motion to dismiss the amended habeas corpus petition.

**II.     DISCUSSION**

A federal court may not grant habeas relief on a claim that was adjudicated on the merits in a state court unless it either: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceedings.  28 U.S.C. §2254(d)(1) and (2).  A state court decision is "contrary" to Supreme Court precedent if the state court applies a rule different from the governing law set forth in the Supreme Court cases, or if it decides a case differently than one decided by the Supreme Court on a set of materially indistinguishable facts.  *Bell v. Cone*, 535 U.S. 685, 694 (2002).  An "unreasonable application" is one that "evaluated objectively and on the merits, resulting in an outcome that cannot reasonably be justified under existing Supreme Court precedent."  *Long v. Humphrey*, 184 F.3d 758, 760 (8th Cir. 1999).  State court factual findings are presumed to be correct unless the petitioner rebuts the presumption by clear and convincing evidence.  28 U.S.C. §2254(e)(1).

**A.     Petitioner's claim that the jury was unconstitutionally selected fails on the merits.**

Petitioner claims that the jury was unconstitutionally selected because it was comprised entirely of women and had no racial or gender diversity.  The Constitution does not require that every class, subclass or identifiable group must be represented on every jury list, but only that no systematical, intentional, or other unlawful exclusions of person or groups exist.  *U.S. v. Gordon*, 455 F.2d 398, 401 (8th Cir. 1972).  Petitioner has not produced a scintilla of evidence that males or racial minorities were systematically, intentionally, or otherwise unlawfully excluded.  Moreover, a defendant in a criminal

3

case is not constitutionally entitled to demand a proportionate number of his race on the jury which tries him. *Id.*

The decision of the Minnesota Court of Appeals was not contrary to, or an unreasonable application of, clearly established federal law. Nor was the decision based upon an unreasonable determination of the facts. Petitioner's claim that the jury was unconstitutionally selected fails on the merits.

**B.     Petitioner's claim of prosecutorial misconduct fails on the merits**.

Petitioner claims that the prosecutor engaged in misconduct by personally attacking the defense attorney in closing arguments. Inappropriate prosecutorial comments, standing alone, would not justify a reviewing court to reverse a criminal conviction obtained in an otherwise fair proceeding. *U.S. v. Young*, 470 U.S. 1, 11 (1985). The remarks must be examined within the context of the trial to determine whether the remarks had a probable effect on the jury's ability to judge the evidence fairly. *Id*. at 12. The defense counsel's conduct is relevant in this inquiry. *Id.*

The Minnesota Court of Appeals properly applied *Young* by examining the prosecutor's remarks within the context of the trial and considering defense counsel's conduct. The court noted that defense counsel accused the prosecutor of creating illusions of evidence, engaging in common prosecutorial tricks, and that the state's witnesses were biased. *Griffith,* 2007 WL 92733 at 3-4. The Minnesota Court of Appeals found that the prosecutor's comments were in rebuttal of the comments made by defense counsel and did not constitute prosecutorial misconduct. *Griffith,* 2007 WL 92733 at 3-5. Petitioner has not presented any evidence to rebut the presumption that State court's factual findings are correct.

4

The decision of the Minnesota Court of Appeals was not contrary to, or an unreasonable application of, clearly established federal law. Nor was the decision based upon an unreasonable determination of the facts. Petitioner's claim of prosecutorial misconduct fails on the merits.

**C.     Petitioner's claim that a witness lied to the jury fails on the merits.**

Petitioner claims that a witness, Officer Schmidt, lied to the jury. Credibility determinations of witnesses and the weighing of conflicting evidence are committed to the jury. *U.S. v. Reddest*, 512 F.3d 1067, 1071 (8th Cir. 2008). Due to the jury's superior opportunity to evaluate the evidence presented, the jury's credibility determinations are virtually unreviewable on appeal. *Id*. Determining whether a witness lied is within the province of the jury and is not a basis for reversal. Therefore, the decision of the Minnesota Court of Appeals was not contrary to, or an unreasonable application of, clearly established federal law. Nor was the decision based upon an unreasonable determination of the facts. Petitioner's claim that a witness lied to the jury fails on the merits.

**D. Petitioner's claim of error in denial of a Schwartz hearing fails on the merits.**

Petitioner claims he is entitled to a Schwartz based upon two grounds: (1) a juror stated she felt threatened by other jurors to find the defendant guilty; and (2) the trial judge informed the jury that if a verdict was not reached, the jury would have to spend the weekend in a hotel over two hours away. A Schwartz hearing is an investigatory hearing to determine juror misconduct. *See Schwartz v. Minneapolis Suburban Bus Co.*, 258 Minn. 325, 328 (Minn. 1960).

The Minnesota Court of Appeals rejected Petitioner's claim that requiring the jury to spend the night in a remote hotel constituted impermissible outside influence. *Griffith*, 2007 WL 92733 at 6. The Minnesota Court of Appeals also determined the alleged verbal threats and the adverse effect of remote overnight accommodations were inadmissible under the Minnesota's rules of evidence. *Griffith*, 2007 WL 92733 at 7.

The Supreme Court has held that due process does not require a new trial every time a juror has been placed in a potentially compromising situation. *Smith v. Phillips*, 455 U.S. 209, 217 (1982). In addition, admissibility of evidence is a matter of state law, generally not involving federal constitutional issues or warranting habeas review. *Mendoza v. Leapley,* 5 F.3d. 341, 342 (8th Cir. 1993).

The decision of the Minnesota Court of Appeals was not contrary to, or an unreasonable application of, clearly established federal law. Nor was the decision based upon an unreasonable determination of the facts. Petitioner's claim of denial of a Schwartz hearing fails on the merits.

### III.     RECOMMENDATION

Based on all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that the State of Minnesota's motion to dismiss the writ of habeas corpus [#11] be **GRANTED**.

DATED: December 1, 2008

*s/ Franklin L. Noel*
FRANKLIN L. NOEL
United States Magistrate Judge

6

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **December 18, 2008**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.